IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| LATISHA BUTLER, ) | |
| ) | |
|    Petitioner, ) | |
| ) | CIVIL ACTION NO. 1:20-00764 |
| v. ) | |
| ) | |
| REHERMAN, Warden, ) | |
| ) | |
|    Respondent. ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss" (Document No. 11), filed on September 22, 2021. The Court notified Petitioner pursuant to Roseboro v. Garrison, 528 F.2d 304 (4th Cir. 1975), that Petitioner had the right to file a response to Respondent's Motion and submit Affidavit(s) or statements and/or other legal or factual material supporting her claims as they are challenged by the Respondent in moving to dismiss. (Document No. 12.) Petitioner, however, failed to file a response. Having examined the record and considered the applicable law, the undersigned has concluded that Respondent's "Motion to Dismiss" (Document No. 11) should be granted.

**PROCEDURAL HISTORY**

On November 19, 2020, Petitioner, acting *pro se*,[1] filed her Petition Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 1.) First, Petitioner contends that the Bureau of Prisons ("BOP") is failing to provide her with rehabilitate

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

programming in violation of 18 U.S.C. 3553. (Id., p. 6.) Next, Petitioner requests relief pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). (Id.) Petitioner alleges she suffers from a "debilitated condition which renders [her] particularly vulnerable to severe illness or death if exposed to COVID-19."[2] (Id.) Petitioner complains that many BOP staff members fail to take appropriate precautionary measures regarding COVID-19. (Id.) Finally, Petitioner argues that FCI Alderson provides inadequate medical care to inmates. (Id., p. 7.) As relief, Petitioner requests release to home confinement. (Id.)

By Order entered on November 24, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On December 17, 2020, Respondent filed his Response to the Order to Show Cause. (Document No. 7.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust her administrative remedies (Id., pp. 2 – 4.); and (2) Petitioner is not eligible for relief under the CARES Act (Id., pp. 4 – 8.). By Order and Notice also entered on December 17, 2020, the undersigned notified Petitioner of her right to file a Reply to Respondent's Response. (Document No. 8.) Petitioner, however, failed to file a Reply.

On September 22, 2021, Respondent filed a "Motion to Dismiss." (Document No. 11.) Specifically, Respondent requests that Petitioner's Petition be dismissed as moot based upon her release to a RRC on June 8, 2021, and thereafter, her release to home confinement on July 22, 2021. (Id.) Therefore, Respondent contends Petitioner's claim is moot and should be dismissed

---

[2] To the extent Petitioner was asserting an inadequate medical care claim, the undersigned construed her Petition as an attempt to initiate a civil action pursuant to *Bivens* and directed the Clerk to open a new civil action. *See* Civil Action No. 1:20-00770.

because Petitioner has been released from federal custody. (Id.) As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 11-1, p. 2.); and (2) A copy of Petitioner's Inmate History (Id., p. 4.). By Order and Notice entered on September 23, 2021, the undersigned notified Petitioner of her right to file a Response to Respondent's "Motion to Dismiss." (Document No. 13.) Petitioner, however, failed to file a Response.

## ANALYSIS

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[3] and the absence of collateral consequences, and therefore, her Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss" (Document No. 11), **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[3] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on October 1, 2021.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: December 15, 2021.

Omar J. Aboulhosn
United States Magistrate Judge